1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | CASE NO. 12-CV-1518 JLS (DHB) |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| vs. | |
| CHARLES J. CEBALLOS, TIFFANI S. LANGE, and DOES 1-5, Inclusive, | (ECF No. 4) |
| Defendants. | |

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff"), as Trustee Pooling for the pooling and servicing Agreement dated as of September 1, 2005 ABFC Asset-Backed Certificates, Series 2005-WMC1, filed an unlawful detainer action against Defendant Charles J. Ceballos ("Ceballos") in the Superior Court of California for the County of San Diego on April 2, 2012. (*See* Request for Judicial Notice ("RJN"), ECF No. 5 Exh. 2 ("UD Compl.").) Ceballos was the former owner of the real property at issue in this litigation, located at 513 Tallow Ct., Chula Vista, California 91911 ("Subject Property"). Defendant Tiffani S. Lange ("Lange"), the current tenant of the Subject Property, intervened in the state action by filing a Prejudgment Claim of Right to Possession on or about May 1, 2012. (RJN, ECF No. 5 Exh. 2.) On September 15, 2012, Lange, proceeding *pro se*, removed the case to this Court. (Notice of Removal, ECF No. 1.) Presently before the Court is Plaintiff's motion to remand. (Motion, ECF No. 4.) This motion is unopposed. The hearing set for the motion on Thursday, September 6, 2012, was vacated, and the matter taken under submission on the papers. (ECF No. 10.) Having considered the motion and the law, the Court **GRANTS** Plaintiff's motion and **REMANDS** this action to the Superior Court of California for the County of San Diego.

**LEGAL STANDARD**

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. § 1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

**ANALYSIS**

Plaintiff argues that remand is appropriate because Lange's notice of removal is procedurally defective, and, even if it was not defective, Lange has not established this Court's subject matter jurisdiction. Because the Court agrees that Lange has failed to establish this Court's subject matter jurisdiction, it need not address whether notice of removal was procedurally defective.

**1. Subject Matter Jurisdiction**

To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). The Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* 831. In this case, Plaintiff's underlying cause of action is for unlawful detainer filed under California law. (*See* UD Compl., ECF No. 5 Exh. 2.) Although Lange contends that Plaintiff is asserting its rights under both state and federal law, (Notice of Removal, ECF No. 1 at 2), Plaintiff's complaint only asserts a single claim for unlawful detainer under state law (UD Compl., ECF No. 5 Exh. 2.)

Lange also contends that she is protected by the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 ("PTFA"), which requires a 90-day notice of termination rather than the three-day notice provided by California Code of Civil Procedure section 1161. (Notice of Removal at 2-3.) As Lange indicates, the PTFA provides certain protections to tenants who reside in properties subject to foreclosure. However, as stated above, it is well-established that the existence of a federal defense does not confer federal question jurisdiction. The gravamen of Plaintiff's complaint is a state law

claim for unlawful detainer.  The Court agrees with other California district courts, which have concluded that the PTFA does not confer federal jurisdiction in an unlawful detainer action brought under California law.  *See, e.g., Bank of N.Y. Mellon v. Crandall*, 2012 U.S. Dist. LEXIS 4561 at *4-5 (S.D. Cal. Jan. 13, 2012) (finding that PTFA did not confer federal subject matter jurisdiction in an unlawful detainer action); *Fannie Mae v. Rhoades*, 2011 U.S. Dist. LEXIS 42712 at *3 (S.D. Cal. April 20, 2011) (same); *SD Coastline LP v. Buck*, 2010 U.S. Dist. LEXIS 123124 at *3 (S.D. Cal. Nov. 19, 2010) (same); *see also Aurora Loan Serv., LLC v. Montoya*, 2011 U.S Dist. LEXIS 129905 at *6-7 (E.D. Cal. Nov. 9, 2011).  Instead, the PTFA is best characterized as a defense or potential counterclaim to an unlawful detainer action.  Consequently, there is no federal question basis for removal.

There is also no basis for diversity jurisdiction in this case.  Diversity jurisdiction requires that the plaintiff and defendant be of different citizenship and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.  The caption of Plaintiff's complaint indicates that the amount demanded "is less than $10,000.00." (UD Compl., ECF No. 5 Exh. 2.)  The complaint further states that the judgment sought is "damages in the sum of $60.00 for each day defendants occupy the premises from the expiration of the Notice To Quit through entry of judgment." (*Id.*)  Thus, the Court can find no basis for the amount of controversy to exceed $75,000 in this case.  Because at least one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal.  Thus, because Lange fails to establish that this Court has subject matter jurisdiction over the matter, the Court **GRANTS** Plaintiff's motion to remand.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to remand.  The Court **HEREBY REMANDS** this action to the Superior Court of California for the County of San Diego. The Clerk shall close the file.

DATED:  October 29, 2012

*Janis L. Sammartino*
_____
Honorable Janis L. Sammartino
United States District Judge